# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| AARON KYLE WEISENBURG THOMAS,  *Plaintiff,*  v.  DEPT. OF HUMAN RESOURCES, *et al.*,  *Defendants.* | CIVIL ACTION NO. 3:25-cv-00153-TES |

## ORDER

Pro se Plaintiff Aaron Kyle Weisenburg Thomas commenced this civil action on September 30, 2025, by filing a Complaint [Doc. 1] and moving for leave to proceed *in forma pauperis* ("IFP"). [Doc. 2]. Because the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2] and waives the filing fee, the Court must review his Complaint. *See* 28 U.S.C. § 1915(e).

### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Authority for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of

all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After reviewing Plaintiff's application, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] or, stated differently, grants him IFP status.

## FRIVOLITY REVIEW

A.   **Legal Standard**

Since Plaintiff is proceeding IFP, § 1915(e) requires the Court to review his Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted.[2] 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v Williams*, 490 U.S. 319, 325 (1989). These types of complaints

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] The Eleventh Circuit has determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).

are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

More specifically, to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based

on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

### B. **Frivolity Review**

In his Complaint, Plaintiff seeks relief for alleged violations of his "right to be heard, [his] right to equal protection[,] and due process in Athens[-]Clarke County." [Doc. 1, p. 4]. Plaintiff argues that Defendants Danielle Huff and the Department of Human Resources have violated his rights under the Fourteenth and Fifth Amendments as well as under several state laws and rules. [*Id.* at p. 3]. Ultimately, Plaintiff seems to assert that this lawsuit arises from several occasions of insufficiency of process in what appears to be related to a domestic relations order. [*Id.* at pp. 4–5].

Plaintiff lists the "Department of Human Resources" as a defendant in this action. The Court assumes that Plaintiff is referring to what used to be known as the Georgia Department of Human Resources. However, the Georgia Department of Human Resources has not existed by that name since 2009. As such, Plaintiff seemingly

4

seeks relief from an agency that no longer exists. The Court will surmise that Plaintiff meant, instead, to refer to the Georgia Department of Human Services. Although it is now apparent that Plaintiff has sued the wrong party, the Court may not dismiss his claims for misjoinder alone. *See* Fed. R. Civ. P. 21. Instead, the Court must add the proper party since the Georgia Department of Human Services is essential to Plaintiff's claims. *See* Fed. R. Civ. P. 19(a). But the Court declines to do so in this case because Plaintiff's claims—regardless of who has been named as a Defendant—are nonetheless barred by the doctrine of sovereign immunity.

To begin, 42 U.S.C. § 1983 creates a private cause of action that allows individuals to seek damages for deprivations of federal constitutional or statutory rights by persons acting under color of state law. 42 U.S.C. § 1983.[3] To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the United States Constitution or a federal statute; and (2) the act or omission was committed by a state actor or a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than . . . unadorned, the-defendant-unlawfully-

---

[3] Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

5

harmed-me accusation[s]." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678) (alteration in original).

In this case, Plaintiff has levied claims against a state agency, including claims for violation of his Fourteenth and Fifth Amendment rights via § 1983. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Accordingly, the amendment precludes actions against an unconsenting State brought in federal court. *See Kentucky v. Graham*, 473 U.S. 159, 167–69 (1985); *see also Green v. Waystack,* No. 5:18-cv-00042-TES, 2018 WL 3097019, at *5–6 (M.D. Ga. June 22, 2018). The Eleventh Amendment's prohibition of suits against an unconsenting State expends equally to state agencies. *Ga. Dept. of Nat. Res. v. Ctr. for a Sustainable Coast, Inc.*, 755 S.E.2d 184, 188-90 (Ga. 2014) (citing to Ga. Const. Art. I, Sec. II, Par. IX(e)). The State of Georgia has not waived its Eleventh Amendment immunity and therefore has not consented to suit in federal courts. *See* O.C.G.A. § 50-21-23(b) ("The state does not waive any immunity with respect to actions brought in the courts of the United States."). In other words, federal courts lack jurisdiction to hear claims brought against state agencies. *Spillers v. Crawford Cnty., Ga.*, No. 5:11-CV-324 MTT, 2011 WL 5910738, at *3 (M.D. Ga. Nov. 28, 2011). Therefore, Plaintiff may not bring his claims against the state agency in federal court.

Furthermore, Plaintiff presumably may not bring the same claims against Defendant Danielle Huff. Based on the facts alleged in Plaintiff's Complaint, it is not exactly clear who Danielle Huff is or what her connection to this case is. The Court is therefore forced to once again fill in the blanks left in Plaintiff's Complaint. Without any facts showing that Defendant Huff acted under color of law, Plaintiff may not sustain a claim under § 1983 against her. To maintain a cause of action under § 1983, the conduct complained of must have been committed by a person acting under color of state law and must result in a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990). This well-established principle of law defeats Plaintiff's claims under § 1983 against Defendant Huff as nothing in Plaintiff's Complaint shows that she acted under color of state law. As such, the Court **DISMISSES** any such claim brought under § 1983 against Defendant Huff **without prejudice**.

Additionally, Plaintiff has included 28 U.S.C. §§ 1442 and 1443 as statutes at issue in this case. [Doc. 1, p. 3]. However, § 1442 deals specifically for removal of cases from state courts when federal officers or agencies are sued or prosecuted. 28 U.S.C. § 1442. This statute does not create a separate "cause of action" against a defendant. The same can be said for claims brought under § 1443, as it deals primarily with a defendant's ability to remove a civil rights case from state courts to the pertinent district court. *Id.* at § 1443. This section, like § 1442, does not provide for a private right of action against an

individual. As such, any claim brought by Plaintiff under §§ 1442 and 1443 are **DISMISSED**.

Having disposed of Plaintiff's federal claims, all that remains are her state law claims, and the Court is not required to decide them. Federal courts may exercise supplemental jurisdiction over state law claims "in any civil action of which [they] have original jurisdiction." 28 U.S.C. § 1367(a). "[D]istrict courts may," however, "decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[S]tate courts, not federal courts, should be the final arbiters of state law," and when a federal court "has dismissed all federal claims from a case, there is a very strong argument for dismissal, especially where the federal claims are dismissed prior to trial." *Ingram v. Sch. Bd. of Mia.-Dade Cnty.*, 167 F. App'x 107, 108 (11th Cir. 2006) (quoting *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997)). "[D]istrict courts may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Recognizing this hard-and-fast rule, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims in accordance with the considerable discretion afforded to it by § 1367(c)(3), and it **DISMISSES** them **without**

**prejudice**.[4] [Doc. 1, p. 7].

    C.    **Conclusion**

Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2]. Then, upon review of Plaintiff's Complaint [Doc. 1] under 28 U.S.C. § 1915(e), the Court **DISMISSES** it **without prejudice** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**, this 9th day of October, 2025.

                                    S/ Tilman E. Self, III
                                    **TILMAN E. SELF, III, JUDGE**
                                    **UNITED STATES DISTRICT COURT**

---

[4] If Plaintiff still wishes to pursue her state law claims, she must refile them in the appropriate state court. *See Artis v. District of Columbia*, 583 U.S. 71, 77 (2018) ("If a district court declines to exercise jurisdiction over a claim asserted under § 1367(a) and the plaintiff wishes to continue pursuing it, she must refile the claim in state court.").